IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VILES DELICES,
    Plaintiff

vs.                                                  Case No.:  3:19cv459/MCR/EMT

CAPTAIN LOWERY,[1] et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Viles Delices ("Delices"), an inmate of the Florida Department of Corrections ("FDOC"), is proceeding pro se and in forma pauperis in this civil rights action. Presently before the court is a motion to dismiss filed by Defendants Lowery, Veader, and Barnes, seeking dismissal of Delices' requests for monetary damages (ECF No. 29). Delices responded in opposition to the motion to dismiss (ECF No. 32).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon consideration of the pleadings and the parties' arguments on the issues

---

[1] Defendants' Motion to Dismiss indicates that Plaintiff misspelled Defendant Captain Lowery's name as "Lowry." The court corrects the misspelling and hereby directs the clerk of court to do so on the docket.

presented in Defendants' motion to dismiss, the undersigned concludes that Defendants' motion to dismiss should be granted.

I. BACKGROUND

Delices names four Defendants in this case, all of whom were prison officials at Santa Rosa Correctional Institution when the events giving rise to this action occurred:  Captain Parrot, Captain Lowery, Captain Veader, and Captain Barnes (Third Amended Complaint at 1–3, ECF No. 14).[2]  Delices sues Defendants in their individual and official capacities (*id.* at 9–10).  Delices claims that Defendants subjected him to excessive force on December 27, 2018, in violation of the Eighth Amendment (*id.* at 6–10).  Delices seeks injunctive relief, compensatory damages in the amount of 1,000,000.00 against each Defendant, and punitive damages in the amount of $10,000 against each Defendant (*id.* at 9–10).

On November 24, 2019, Captains Lowery, Veader, and Barnes filed a joint motion to dismiss seeking dismissal of Delices' requests for compensatory and punitive damages, on the ground that recovery is barred by the Eleventh Amendment and 42 U.S.C. § 1997e(e) (Defendants' Motion to Dismiss, ECF No. 29).  On December 23, 2019, Delices filed a response to Defendants' motion to dismiss (Delices' Response to Defendants' Motion to Dismiss, ECF No. 32).

---

[2] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather that the page numbers indicated in the original documents.

## II.   MOTION TO DISMISS STANDARD

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that Rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the non-moving party (here, Delices). *See Davis v. Monroe Cnt'y Bd. of Educ.,* 120 F.3d 1390, 1393 (11th Cir. 1997). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The same standard applies when the court screens complaints filed by prisoners and plaintiffs proceeding in forma pauperis, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).

Case No.:  3:19cv459/MCR/EMT

## III.   DELICES' FACTUAL ALLEGATIONS

The following facts are adduced from Delices' Third Amended Complaint, with is the operative pleading (Third Amended Complaint, ECF No. 14).  If facts from Delices' prior pleadings clarify the allegations of the operative pleading, the court includes those facts and cites to the prior pleadings from which they are adduced.

On December 27, 2018, officers conducted a security "shake-down" to search for contraband in Delices' dormitory.  Defendant Captain Parrot and "the K-9 Sergeant" (who is not a named Defendant) conducted a "body scan" to search for the presence of contraband hidden within Delices' body.  The officers conducted the "body scan" with a metal detector, which indicated the presence of metal in Delices' body (*see* Second Amended Complaint, ECF No. 12).  Delices told Captain Parrot and the K-9 Sergeant that bullet fragments were lodged in his lower back from a shooting, and that his medical file documented this.  Despite this information, at 8:30–9:30 a.m., Captain Parrot ordered the K-9 Sergeant to handcuff Delices and escort him to the medical department of the Santa Rosa C.I. Annex to check his vital signs before transferring him to the "dry"/isolation cell in the medical department of

the Main Unit to attempt to retrieve any contraband through the process of waste elimination.[3]

At 11:00 a.m., an officer escorted Delices to the dry/isolation cell in the medical department of the Main Unit. Approximately one hour later, an officer directed Delices to consume a liquid to induce waste elimination. Officers inspected Delices' waste but discovered no cell phone or other contraband.

At 5:30–6:30 p.m., Defendants Veader, Barnes, and another officer entered the dry/isolation cell and, for approximately 30 minutes, Defendant Veader slammed Delices into the wall and punched him in the back and stomach, Defendant Barnes kicked and choked Delices, and Defendants Veader and Barnes restrained Delices while another officer punched him in the face and chest and then "stomped" on him several times. Defendant Lowery then entered the cell and choked Delices while his

---

[3] With respect to body orifice and cavity searches, FDOC policy provides:

> Physical isolation and observation. When the inmate cannot or will not voluntarily remove and surrender the contraband, or when a Medical Doctor has determined that the physical removal of contraband may be hazardous to the health and safety of the inmate, the inmate may be placed in a medically approved isolated setting under constant visual supervision until the contraband can be retrieved through natural means. The natural process of waste elimination shall be used as an alternative to forcible intrusion into the body cavities or surgery when a Medical Doctor determines that the natural method is feasible and does not pose a hazard to the inmate's health and safety.

Fla. Admin. Code R. 33-602.204(3)(c)4.

Case No.: 3:19cv459/MCR/EMT

arms were restrained. At no time during the use of force did Delices resist or threaten any of the officers.

When the use of force ceased, Delices told Captain Lowery he could taste blood in his mouth, and his body "hurt all over." Delices stated he needed immediate medical attention, but Lowery responded, "I don't give a shit if you die right now N[racial epithet]! Get your ass back to L-Dorm!" Defendant Lowery also told Delices he would issue him a disciplinary charge and kill him if he told anyone, including staff or other inmates, about the incident. Delices subsequently received medical treatment, but his injuries had healed during the delay.

## IV. DISCUSSION

### A. Limitations on Recovery

#### 1. Eleventh Amendment Immunity

Defendants Lowery, Veader, and Barnes argue that to the extent Delices sues them in their official capacities for monetary damages, the claims are barred by Eleventh Amendment immunity (*see* Defendants' Motion to Dismiss at 6–7). Delices states in his Response that he is suing Defendants in their individual capacities, and "is not suing Florida Department of Corrections in its official capacity" (*see* Delices' Response to Defendants' Motion to Dismiss at 2). But in his

Third Amended Complaint, Delices expressly asserts both individual and official capacity claims.

The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment bars Delices' claims for monetary damages against Defendants in their official capacities, to the extent he asserts them. Therefore, Defendants' motion to dismiss should be granted in this regard.

2. <u>42 U.S.C. § 1997e(e)</u>

Defendants Lowery, Veader, and Barnes argue that Delices' claims for compensatory and punitive damages against them in their individual capacities are barred by 42 U.S.C. § 1997e(e), because his allegations do not plausibly suggest he suffered more than de minimis physical injury as a result of the alleged use of force (*see* Defendants' Motion to Dismiss at 7–12). Delices states in this Response that he suffered "severe and excruciating pain" in his lower back and ribs as a result of the use of force (Delices' Response to Defendants' Motion to Dismiss at 2). He states he immediately requested medical attention for his injuries, but his request

was denied (*id.*).  Delices states by the time he received medical treatment, his injuries had healed (*id.*).

Section 1997e(e), which is an affirmative defense, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act . . . ."  42 U.S.C. § 1997e(e); *see Douglas v. Yates*, 535 F.3d 1316, 1320–21 (11th Cir. 2008) (holding that § 1997e(e) is an affirmative defense and not a jurisdictional limitation).  Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000).  Section 1997e(e) precludes the recovery of compensatory and punitive damages without a prior showing of physical injury.  *See Al–Amin v. Smith*, 637 F.3d 1192, 1197–98 (11th Cir. 2011).

The leading case on this issue from the Eleventh Circuit, *Harris v. Garner*, held that in order to satisfy § 1997e(e), a prisoner must allege a physical injury that is more than de minimis, but need not allege that it is significant.  190 F.3d 1279, 1286–87.  In so holding, the court intended to "fuse" the physical injury analysis

under § 1997e(e) with the framework set out by the Supreme Court in *Hudson v. McMillian*, 503 U.S. 1, 9–10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment. *Harris*, 190 F.3d at 1286. The *Harris* court was careful to state that its holding did not affect its Eighth Amendment jurisprudence, and it used the Eighth Amendment standards only to guide its analysis under § 1997e(e). In a footnote to its opinion, the court left open the question of whether a de minimis use of physical force might satisfy section 1997e(e) if it were found "repugnant to the conscience of mankind." *Harris*, 190 F.3d at 1287 n.7 (quoting *Hudson*, 503 U.S. at 10).

As it concerns the framework for resolving excessive force claims under the Eighth Amendment, *Hudson* set out the following:

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See* [*Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)]. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See Estelle* [*v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976)] (proscribing torture and barbarous punishment was 'the primary concern of the drafters' of the Eighth Amendment); *Wilkerson v. Utah*, 99 U.S. 130, 136, 25 L. Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture . . . and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [2d Cir. 1973] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Whitley*, 475 U.S. at 327, 106 S. Ct. at 1088 (quoting *Estelle*, supra, 429 U.S. at 106, 97 S. Ct. at 292) (internal quotation marks *omitted*).

*Hudson*, 503 U.S. at 9–10.

More recently, the Supreme Court reiterated the holding of *Hudson*, rejecting once again "the notion that 'significant injury' is a threshold requirement for stating an excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (explaining that the "core judicial inquiry" is "that nature of the force" used by prison officers as opposed to the extent of the injury inflicted). The Court noted that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38. Notwithstanding, a prisoner's "relatively modest . . . alleged injuries will no doubt limit the damages he may recover." *Wilkins*, 559 U.S. at 40.

One pivotal point should be noted, however. Neither *Hudson* nor *Wilkins* mention the physical injury requirement of § 1997e(e). Thus, while those two

opinions remain binding precedent for resolving Eighth Amendment excessive force claims, this court's primary source for resolving the § 1997e(e) issue remains the Eleventh Circuit's *Harris* decision.  While *Harris* does mention fusing its 1997e(e) analysis with the framework of *Hudson*, the fact nevertheless remains that the emphasis in *Harris* was on the threshold amount of injury required under § 1997e(e)—greater than de minimis—not on the amount of force.

In fact, *Harris* went on to hold that the use of force presently before it, namely that the inmate was forced to "dry shave," resulted in a de minimis physical injury and therefore did not meet the threshold requirement under § 1997e(e).[4]  *Harris*, 190 F.3d at 1287.  Subsequent cases finding only de minimis physical injury on their facts have similarly followed *Harris* and found that the § 1997e(e) requirement was not satisfied.  *See Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) (unpublished) (plaintiff alleged vague injuries to his back and scrapes and marks on his legs); *Quinlan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 248–49 (11th Cir. 2009) (asthmatic plaintiff alleged temporary chest pain, headache, difficulty breathing and periodic back pain after being transported in prison van); *Dixon v.*

---

[4] The plaintiff (among several) who was the subject of the § 1997e(e) inquiry in *Harris* also alleged that defendants performed a body cavity search upon him while members of the opposite sex were present, but the court stated that only the "dry shave" incident was before the court for purposes its § 1997e(e) inquiry.  *Harris*, 190 F.3d at 1286–87.

*Toole*, 225 F. App'x 797, 799 (11th Cir. 2007) (plaintiff, after being forced to sleep in "strip cell" on a concrete platform, claimed—but could not evidence—an aggravation of his preexisting injuries and exposure to Hepatitis–C from his cellmate, and further alleged bruises and welts from shackles).

The Eleventh Circuit's more recent decision in *Brooks v. Warden*, 800 F.3d 1295 (11th Cir. 2015), bears particular mention. The inmate in that case alleged that, while hospitalized, he was placed in maximum-security restraints, and though he was given medicine that gave him loose stools, the guard refused to lower the inmate's waist-chains such that the inmate was forced to defecate into his jumpsuit and lie in his own excrement for two days. *See Brooks*, 800 F.3d at 1298. Although *Brooks* was cast under the Eighth Amendment as one of deliberate indifference to medical needs rather than one of excessive force, the court nonetheless spoke in recognition of the degrading and humiliating nature of the defendants' alleged actions—adding that the guards in question laughed at the inmate and taunted him while he suffered. *Id.* Despite the degrading nature of the alleged harm, which seems on a par with the "repugnant to the conscience of mankind" standard evoked in *Hudson* and *Wilkins* for excessive force cases, and suggested in *Harris* as the source of a possible exception to the de minimis injury rule of § 1997e(e), the court in *Brooks* nevertheless held that the inmate's alleged physical injuries were de

minimis and applied § 1997e(e) to bar the inmate's claims for compensatory and punitive damages. *Brooks*, 800 F.3d at 1303. The court noted that the inmate's constitutional claim for nominal damages, however, was not barred. *Id.*

In Delices' Third Amended Complaint, he alleges that after the alleged use of force, his body "hurt all over" and he tasted blood in his mouth (Third Amended Complaint at 7). In Delices' Response to Defendants' Motion to Dismiss, he states he suffered "severe and excruciating pain" in his lower back and ribs as a result of the use of force (Delices' Response to Defendants' Motion to Dismiss at 2). Delices states he immediately requested medical attention for his injuries, but his request was denied (*id.*). He states by the time he received medical treatment (he does not allege when that occurred), his injuries had healed (*id.*).

The undersigned concludes that Delices' allegations of temporary bleeding in his mouth and severe pain in his lower back and ribs fail to edge his claim of physical injury over the de minimis threshold as a matter of law. *See, e.g., Quinlan*, 329 F. App'x at 248–49 (holding that § 1997e(e) barred pre-trial detainee's claims for compensatory and punitive damages; complaints of temporary chest pain, headache, and difficulty breathing while in transport van, as well as subsequent "continuous back pain in [his] lower back that periodically cause[d] [him] to walk hunched over," did not constitute more than de minimis physical injury required under § 1997e(e),

because none of the conditions required immediate medical attention or evidenced physical injury besides discomfort) (unpublished but recognized as persuasive authority); *Mann*, 360 F. App'x. at 32 (holding that § 1997e(e) barred inmate's claims for monetary damages; inmate's complaints of vague injuries to his back and scrapes and marks on his knees and legs did not amount to more than de minimis physical injury). *Cf. Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. Appx. 555, 557 n.3 (11th Cir. 2014) (plaintiff's allegations that he suffered **continuing**, severe physical pain **and other symptoms that persisted for an extended period and required medical treatment** may be sufficient to constitute more than a de minimis physical injury). Therefore, Delices' claims for compensatory and punitive damages against Defendants in their individual capacities should be dismissed.

### B. Delices' Allegations Fail to State a Plausible Claim Against Defendant Parrot[5]

Section 1915(e)(2) of Title 28 of the United States Code authorizes the court to dismiss a case against a Defendant "**at any time** if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). As discussed *supra*, the legal standard applied under § 1915(e)(2)(B)(ii) is the same as the Rule 12(b)(6) standard set forth

---

[5] The court is still attempting to effect service of process upon Defendant Captain Parrot.

Case No.:  3:19cv459/MCR/EMT

*supra*.  *See Alba*, 517 F.3d at 1252.  To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

As previously noted, the "core judicial inquiry" in considering an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7; *see also Whitley*, 475 U.S. at 319–321.  "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . . whether or not significant injury is evident."  *Hudson*, 503 U.S. at 9.

"Force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'"  *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley*, 475 U.S. at 320–21).  In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including these five:  "the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of

injury; and any efforts made to temper the severity of the response." *Hudson*, 503 U.S. at 7–8; *see also Whitley*, 475 U.S. at 321; *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321 (quoting Johnson, 481 F.2d at 1033).

The Court in *Whitley* narrowed the precise inquiry applicable when deciding whether officials are entitled to judgment as a matter of law:

> [C]ourts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley*, 475 U.S. at 322.

Here, the only facts underlying Delices' excessive force claim against Captain Parrot are that Parrot ordered and conducted the initial search (i.e., the metal detector screening) of Delices, and when the initial search indicated the presence of metal in Delices' body, Parrot ordered another officer to handcuff Delices and escort him to the dry/isolation cell in the medical department (*see* Third Amended Complaint at 6, 8). These facts, viewed in the light most favorable to Delices, will not support a

Case No.:  3:19cv459/MCR/EMT

Page 18 of 19

reliable inference of wantonness in the infliction of pain on the part of Captain Parrot. Therefore, Delices' excessive force claim against Defendant Parrot (which is the only claim asserted against Parrot in the Third Amended Complaint) should be dismissed.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to modify the docket to reflect the correct spelling of Defendant Captain Lowery's last name.

2. The United States Marshals Service is relieved of its duty to serve process upon Defendant Parrot, and the clerk of court must so notify that agency.

And it is respectfully **RECOMMENDED**:

1. That Defendants' Motion to Dismiss (ECF No. 29) be **GRANTED** as follows:

    a. Plaintiff's claims for monetary damages, including nominal damages, against Defendants in their official capacities be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); and

    b. Plaintiff's claims for compensatory and punitive damages against Defendants in their individual capacities be **DISMISSED**, pursuant to 28 U.S.C. § 1997e(e), and Plaintiff's recovery be limited to nominal damages;

    2.    That Plaintiff's claims against Defendant Parrot be **DISMISSED** in their entirety; and

    3.    That this case be recommitted to the undersigned for further pre-trial proceedings on Plaintiff's Eighth Amendment claims for nominal damages against Defendants Lowery, Veader, and Barnes in their individual capacities, and any non-monetary relief to which Plaintiff may be entitled.

At Pensacola, Florida this 13<u>th</u> day of January 2020.

                        */s/ Elizabeth M. Timothy*
                        **ELIZABETH M. TIMOTHY**
                        **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:19cv459/MCR/EMT