UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VILES DELICES,
    Plaintiff,

vs.                                              Case No.:  3:19cv459/MCR/EMT

CAPTAIN LOWERY, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

On February 10, 2020, the district court, adopting the undersigned's recommendation, dismissed Plaintiff's claims for punitive damages, pursuant to 42 U.S.C. § 1997e(e), because his factual allegations failed to edge his claim of physical injury over the *de minimis* threshold as a matter of law (*see* ECF No. 33 at 8–15, 18; ECF No. 37).  The dismissal was based upon Eleventh Circuit precedent in existence at that time.  On April 9, 2021, the Eleventh Circuit "correct[ed] [its] course" on this issue, and held that § 1997e(e) permits claims for punitive damages without a showing of physical injury.  *See Hoever v. Marks*, No. 17-10792, 2021 WL 1326618, at *1 (11th Cir. Apr. 9, 2021).  Considering the change in the law, the undersigned recommends that Plaintiff's claims for punitive damages against Defendants be reinstated.

This leads to the related issue of Plaintiff's entitlement to a jury trial. Defendants filed a Motion to Strike Plaintiff's Demand for Jury Trial (ECF No. 58).

Defendants argue that 42 U.S.C. § 1983 does not provide a statutory right to a jury trial, and Plaintiff is not entitled to a jury trial under the Seventh Amendment, because the court previously limited his potential recovery to nominal damages, pursuant to § 1997e(e), which will not exceed the twenty dollars required by the Seventh Amendment (*id.*).[1] In a Report and Recommendation issued on March 29, 2021, which remains pending, the undersigned recommended that Defendants' motion be granted (ECF No. 70).

When a jury trial has been demanded, the trial on all issues so demanded must be by jury unless: "(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a).

Here, Plaintiff requests punitive damages against each of the three Defendants in an amount that exceeds twenty dollars (*see* ECF No. 14 at 9). For the reasons discussed *supra*, Plaintiff is not precluded from recovering punitive damages; and

---

[1] The Seventh Amendment states:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. Amend. VII.

Case No.: 3:19cv459/MCR/EMT

because he could recover more than twenty dollars, he has a right to a jury trial on his claims.

Accordingly, it is **ORDERED**:

The Report and Recommendation issued on March 29, 2021 (ECF No. 70) is **VACATED**.

And it is respectfully **RECOMMENDED** that:

1. Plaintiff's claims for punitive damages be **REINSTATED**.

2. Defendants' Motion to Strike Plaintiff's Demand for Jury Trial (ECF No. 58) be **DENIED**.

At Pensacola, Florida, this 12th day of April 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:19cv459/MCR/EMT